**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| D'RAYFIELD KARY-KHAME SHIPMAN, | |
|      Plaintiff | |
|      v. | Civil Action No. 14-384 (CKK) |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), *et al.*, | |
|      Defendants | |

**MEMORANDUM OPINION**
(December 23, 2014)

D'Rayfield Kary-Khame Shipman, proceeding *pro se*, brought this action against three defendants: his employer, the National Railroad Passenger Corporation ("Amtrak"); the union that represents him, the Transportation Communications Union/IAM ("TCU" or "Union"); and the Equal Employment Opportunity Commission ("EEOC"), the agency charged with enforcing federal employment discrimination laws, including Title VII of the Civil Rights Act of 1964.[1] While the precise nature of the claims against each defendant is not wholly clear from the pleadings, Plaintiff appears to lodge several claims related to allegations of employment discrimination. *See* Compl. at 1-2. Plaintiff claims that Amtrak and the Union "have been in collusion since my employment to deny me an African-American male over the age of 50 the right to pursue promotional opportunities with Amtrak." *Id.* at 2. Plaintiff also claims that the EEOC did not properly handle his complaint of discrimination. *Id.* Lastly, Plaintiff seeks records under the Freedom of Information Act ("FOIA") from both the EEOC and Amtrak. Presently before the Court are Defendant EEOC's [15] Motion to Dismiss, or Alternatively, Motion for Summary Judgment and Defendant TCU's [23] Motion to Dismiss. Upon consideration of the

---

[1] Defendant referred to the "Union" as "TCU (Union)" and referred to the EEOC as the "EEOC Office." For the sake of clarity, the Court referred to the parties above by their full names.

pleadings,[2] the relevant legal authorities, and the record as a whole, the Court GRANTS TCU's Motion to Dismiss, and the Court GRANTS-IN-PART and DENIES-IN-PART the EEOC's motion. First, the Court concludes that, with respect to TCU, Plaintiff's complaint fails to state a claim upon which relief may be granted. Second, the Court concludes that Plaintiff's claim that the EEOC improperly handled its investigation of his discrimination complaint is properly dismissed pursuant to Rule 12(b)(1) for want of subject matter jurisdiction. Third, the Court concludes that dismissal of the FOIA claim is not warranted. Finally, because there are no disputes of material fact with respect to the FOIA claim and because Plaintiff is entitled to judgment as a matter of law, the Court enters JUDGMENT for Plaintiff on that claim. Plaintiff is entitled to receive his EEOC charge file.

## I. BACKGROUND

### A.  Factual Background

While the precise facts of this case are not wholly clear, it is clear that, at core, Plaintiff brings this action claiming that his employer, Amtrak, discriminated against him in its employment decisions due to his being an African-American male over the age of 50. *See* Compl. at 2. In particular, he suggests that several white employees with inferior typing skills

---

[2] The Court's consideration has focused on the following documents:
- Complaint, ECF No. 1 ("Compl.");
- TCU's Motion for More Definite Statement, ECF No. 7;
- EEOC's Motion to Dismiss, or Alternatively, Motion for Summary Judgment, ECF No. 15 ("EEOC's Mot. to Dismiss");
- Plaintiff's Response, ECF No. 17 ("Pl.'s First Response to EEOC's Mot. to Dismiss");
- Plaintiff's Response to Memorandum & Order, ECF No. 21 "Pl.'s Second Response to EEOC's Mot. to Dismiss"); and
- Motion to Dismiss of Defendant TCU, ECF No. 23 ("TCU's Mot. to Dismiss").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

were given clerk positions, which had previously required demonstrating specific typing abilities, while denying Plaintiff those opportunities. *See id*. He also claims that Amtrak retaliated against him – in response to the grievance he filed – by adjusting the qualifications for the position of statistical clerk such that the position no longer required the typing qualifications previously required. *See id*.; Compl., Ex. at 50-51. Plaintiff also claims that the Union colluded with Amtrak in denying Plaintiff promotional opportunities. *See id*.

Plaintiff filed a discrimination claim with the EEOC in 2009. After conducting an investigation, the EEOC concluded that further action by the agency was not warranted. *See* Compl., Ex. at 2. The EEOC closed its file on Plaintiff's charge against Amtrak on December 16, 2013. *See id.* The EEOC reported its conclusion to Plaintiff in a Dismissal and Notice of Rights, which stated that, "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained established violations of the statutes."[3] *Id.* This litigation ensued.

Because a full factual presentation is not necessary at this point given the Court's legal conclusions below, the Court reserves further presentation of the facts for the discussion of the individual issues raised by the motions currently before the Court.

**B.  Procedural History**

On March 11, 2014, Plaintiff filed this action, proceeding *pro se*, against Amtrak, TCU ("Union"), and the EEOC. The Court discusses the procedural history with respect to each Defendant in turn.

---

[3] This document includes the Notice of Right to Sue, which allows Plaintiff to pursue a private civil action against his employer, as discussed further below.

In response to the complaint, Defendant Amtrak, Plaintiff's employer, filed an answer. Further proceedings with respect to Amtrak will resume after the Court's resolution of the motions currently before the Court.

On April 8, 2014, the Union filed a motion for a [7] Motion for a More Definite Statement. The Court subsequently granted the motion, ordering Plaintiff to "file an amended complaint which contains a more definite statement of his claim(s) against Defendant TCU." Order dated August 19, 2014, ECF No. 20. In response, Plaintiff filed a [21] Response to Memorandum & Order but did not amend his complaint. The Union then timely filed a [23] Motion to Dismiss, one of the two motions currently before the Court. The Court advised Plaintiff that, if he did not file a response by October 26, 2014, the Court would treat the Union's motion as conceded and would dismiss that Defendant. After resolving some confusion with respect to *pro se* Plaintiff's receipt of the Union's Motion to Dismiss, the Court set a new deadline for Plaintiff to respond to the Union's motion: November 27, 2014. Citing *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988), the Court once again advised Plaintiff that, if he did not file a response by this deadline, the Court would treat the motion as conceded and dismiss the Union as a defendant. *See* Order, dated October 27, 2014, ECF No. 27. Plaintiff did not file a response.

Meanwhile, having received an extension of time to file its response to the complaint, the EEOC filed a [15] Motion to Dismiss, or Alternatively, Motion for Summary Judgment, the second motion currently before the Court, on June 18, 2014. The Court advised Plaintiff that, if he did not respond to the motion, the Court would treat the motion as conceded. The Court also advised Plaintiff that, insofar as the Court resolves the motion as one for summary judgment, the Court will accept as true any factual assertions in the EEOC's affidavits unless Plaintiff submits

his own affidavits or other documentary evidence contradicting those assertions. *See* Order, dated June 19, 2014, ECF No. 16 (quoting *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)). Plaintiff filed a response in which he did not respond to the EEOC's legal arguments, but repeated his claim that the EEOC "to this day have failed to provided me in it's [*sic*] entirety all records related to" his discrimination complaint. Pl.'s First Response to EEOC's Mot. to Dismiss, ECF No. 18. Plaintiff emphasized his "extenuating personal medical condition" and lamented the Court's refusal to appoint an attorney for him.[4] *Id.* In response to this filing, the Court extended the time for Plaintiff to respond to EEOC's motion. Plaintiff filed a timely response once again but did not respond to the EEOC's legal arguments – although he did repeat his claim that the EEOC "failed from the onset to properly handled [*sic*] my complaint." Pl.'s Clarification, filed August 11, 2014, ECF No. 19, at 2. Plaintiff did not provide any other substantive responses to the EEOC's arguments in subsequent filings.

## II. LEGAL STANDARD

### A. Motion to Dismiss Standard

Both the EEOC and the Union move to dismiss. "Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court

---

[4] In Plaintiff's complaint, he requested that the Court "appoint and or assist [him] in finding an attorney or agency to assist [him] in filing an addendum to this complaint within the next 90 days due to [his] medical situation." The Court denied this request because Plaintiff does not qualify for appointment of counsel from the Court's Civil Pro Bono Panel given that Plaintiff is not proceeding *in forma pauperis. See* Order dated April 8, 2014, ECF No. 8. Furthermore, in response to one of Plaintiff's requests for additional time based on his medical condition, the Court noted that "[g]iven that Plaintiff continues to file notices with the Court, the Court concludes that, whatever the nature of Plaintiff's medical leave, he is not sufficiently incapacitated such that he cannot respond to TCU's Motion to Dismiss." *See* Order dated October 27, 2014, ECF No. 27.

begins with the presumption that it does not have subject matter jurisdiction over a case. *Id*. To survive a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff bears the burden of establishing that the Court has subject matter jurisdiction over its claim. *Moms Against Mercury v. FDA*, 483 F.3d 824, 828 (D.C. Cir. 2007). In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In deciding a Rule 12(b)(6) motion, a court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (citations omitted).

### B. Summary Judgment Standard

In the alternative, Defendant EEOC moves for summary judgment. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to specific parts of the record – including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence – in support of its position, or (b) demonstrate that the materials relied upon by the opposing party do not actually establish the absence or presence of a genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual basis in the record cannot create a genuine dispute sufficient to survive summary judgment. *Ass'n of Flight Attendants-CWA, AFL-CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in his favor. *Liberty*

*Lobby*, 477 U.S. at 255. If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (internal citations omitted).

## III. DISCUSSION

In its motion to dismiss, Defendant TCU (the Union) argues that the claims against it must be dismissed, first, because Plaintiff failed to remedy the defects that the Court identified in granting the Union's Motion for a More Definite Statement and, second, because the complaint fails to state a claim upon which relief can be granted. In its motion, the EEOC argues that the complaint ought to be dismissed because it fails to state a claim upon which relief may be granted and because the Court does not have subject matter jurisdiction over Plaintiff's claims. In the alternative, the EEOC argues that there are no genuine issues of material facts and that it is entitled to judgment as a matter of law. The Court first addresses the Union's Motion to Dismiss, concluding that the claims against the Union must be dismissed because the complaint fails to state a claim. Next the Court addresses the EEOC's arguments, concluding that the claim that the EEOC improperly handled Plaintiff's complaint must be dismissed for the lack of subject matter

jurisdiction but that the EEOC's arguments with respect to the FOIA claim fail as a matter of law.

## A. Claims Against the Union (TCU)

As an initial matter, as detailed in the procedural history above, Plaintiff failed to respond to the Union's [23] Motion to Dismiss after having been warned twice that he needed to do so in order to avoid the Court granting the motion as conceded. Accordingly, the Court could simply grant Defendant's motion to dismiss on this basis. However, in the interest of judicial efficiency and to forestall a futile re-filing of Plaintiff's claims against the Union, the Court addresses the Union's motion to dismiss pursuant to Rule 12(b)(6).

The Court agrees with the Union that Plaintiff's complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

The core of Plaintiff's claim against the Union is that "[m]y employer and TCU have been in collusion since my employment to deny me an African-American male over the age of 50 the right to pursue promotional opportunities with Amtrak." Compl. at 2. Plaintiff alleges several facts that, he claims, show discrimination against him, including the fact that two white employees with inferior typing skills were promoted when Plaintiff was not promoted. *See id.* However, the details of this claimed discrimination are immaterial with regard to the *Union*'s motion because nowhere in the complaint or in his voluminous attachments does Plaintiff allege facts that would allow an inference that the *Union* had a role in these hiring decisions. *See*

*generally id.* Moreover, Plaintiff's bare assertion that his employer, Amtrak, and the Union colluded is insufficient to link the Union to the alleged discrimination. *See Gullaksen v. United Air Lines*, No. 1:13-CV-1235 (RJL), 2014 WL 4635184, at *4, — F.Supp.3d — (D.D.C. Sept. 17, 2014) ("[P]laintiffs' conclusory allegations that [union] '[c]ollud[ed]' … are not sufficient to state a claim under Rule 12(b)(6).").

Nor does Plaintiff fill this gap in his response to the Union's motion for a more definite statement pursuant to Rule 12(e), which was granted by the Court. *See* Response to Memorandum & Order, ECF No. 21. Plaintiff states that the Union "looked the other way when our credentials were stripped by a manager who made it easier for unqualified members to take jobs from the African-Americans who mainly held the statistical clerks jobs due to volume of work imposed on us." *Id.* at 2. He further states that "TCU has grossly fail [*sic*] to provide an even playing fields for it's [*sic*] members." *Id.* But a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Plaintiff's assertions are not enough. Moreover, materials attached to Plaintiff's complaint eviscerate any possible inference that the Union colluded with Amtrak to discriminate against Plaintiff. *See* Compl., Ex. at 50-51. In a letter from the Union to Plaintiff, a Union official explained that Amtrak has the "right to determine the skill set needed to perform each and every job under their operation as long as they do not violate the collective bargaining agreement." *Id.* at 51. The letter further states that reevaluations of qualifications such as the one that Plaintiff has put in issue have been determined, through past arbitration, not to violate the Collective Bargaining Agreement. *See id*. Ultimately, Plaintiff has not alleged any facts that suggest that the Union was complicit in the discrimination that Plaintiff alleges with respect to Amtrak's employment decisions. Because Plaintiff has pleaded no facts that suggest a plausible

entitlement to relief from the Union, *see Iqbal*, 556 U.S. at 678, the Court dismisses all claims

against that defendant.[5]

**B. Claim that the EEOC Improperly Handled Plaintiff's Discrimination Complaint**

Plaintiff's first claim against the EEOC is that the EEOC "failed to properly handled [*sic*]

complaint and it never came to the attention of the courts due to the aforementioned." Compl. at

2. On December 16, 2013, the EEOC closed its file on the charge brought by Plaintiff against

Amtrak. The EEOC memorialized that action and the reasoning behind it in the Dismissal and

Notice of Rights that the EEOC sent to Plaintiff. *See* Compl., Ex. at 2. The EEOC concluded

that, "[b]ased on its investigation, the EEOC is unable to conclude that the information obtained

established violations of the statutes." *Id*. In other words, the EEOC concluded that there was not

"reasonable cause" to believe that Plaintiff's employer discriminated against him because of his

age and race. *See Dougherty v. Barry*, 869 F.2d 605, 611 (D.C. Cir. 1989) (quoting 42 U.S.C.

§ 2000e-5(b) ("[U]nder section 706(b) of Title VII [of the Civil Rights Act of 1964], the

Commission attempts conciliation only if it determines 'that there is reasonable cause to believe

that the charge is true.' If, however, the Commission determines there is not reasonable cause, 'it

shall dismiss the charge and promptly notify the person claiming to be aggrieved and the

respondent of its action.'") (citations omitted).

In the aftermath of the EEOC's "reasonable cause" determination, Plaintiff's exclusive

remedy is to sue his employer – as he has also done in this action – not to sue the EEOC with

respect to its handling of his complaint.  Title VII "provides the exclusive judicial remedy for

---

[5] Because the Court concludes that Plaintiff's complaint fails to state a claim upon which relief
may be granted with respect to the Union, the Court does not reach the Union's argument that the
Court ought to dismiss the complaint because Plaintiff failed to adequately respond to the
Court's Rule 12(e) order requiring Plaintiff to provide a more definite statement with respect to
the claims against the Union.

claims of discrimination in federal employment." *Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 3 (D.D.C. 1998)  (quoting *Brown v. General Servs. Admin.,* 425 U.S. 820, 835 (1976)). Furthermore, "an aggrieved federal employee is precluded from bringing suit under other federal anti-discrimination statutes that apply more generally." *Id.* (quoting McKenna v. Weinberger, 729 F.2d 783, 791 (D.C. Cir. 1984)). Pursuant to Title VII, a person "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).[6] In other words, Plaintiff's sole remedy in the aftermath of the EEOC's "reasonable cause" determination is to sue Amtrak, not to sue the EEOC. The Court notes that Plaintiff's private right of action against his employer is a significant remedy. *See Associated Dry Goods Corp.*, 449 U.S. at 602 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 45 (1974)) ( "The private right of action remains an important part of Title VII's scheme of enforcement.").

Because the exclusivity of the private right of action is due to the government's limited waiver of sovereign immunity, the Court has no subject matter jurisdiction over suits against the agency with respect to the handling of discrimination complaints. *See Nichols*, 18 F. Supp. 2d at 3. Accordingly, the Court dismisses Plaintiff's claim that the EEOC improperly handled his discrimination complaint for want of subject matter jurisdiction pursuant to Rule 12(b)(1).

---

[6] As this Court has previously stated, "[t]he only proper defendant in a Title VII suit ... is the 'head of the department, agency, or unit' in which the allegedly discriminatory acts transpired." *Nichols v. Agency for Int'l Dev.*, 18 F. Supp. 2d 1, 3 (D.D.C. 1998) (quoting *Hackley v. Roudebush,* 520 F.2d 108, 115 n. 17 (D.C. Cir. 1975)). Accordingly, the head of the agency referenced by the statute is the head of the agency at which Plaintiff is employed, not the Commissioners of the EEOC.

**B. FOIA Claim Against the EEOC**

Although Plaintiff's sole remedy with respect to the underlying discrimination claim is to sue Amtrak, rather than the EEOC, as the Court discussed above, Plaintiff's FOIA claim is another matter. Plaintiff requests the charge file with respect to the discrimination complaint he filed with the EEOC. As an initial matter, the Court notes that Plaintiff's failure to exhaust administrative remedies is not a bar to pursuing his FOIA claim in this Court. *See Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F. 3d 180, 185 (D.C. Cir. 2013) ("If the agency does not make a 'determination' within the relevant statutory time period, the requester may file suit without exhausting administrative appeal remedies."). "A requester must exhaust administrative appeal remedies if the agency made and communicated its 'determination' within 20 working days (or 30 working days in 'unusual circumstances'). *Id.* In this case, Plaintiff filed his FOIA request on October 28, 2013. *See* EEOC Mot. to Dismiss, Ex., Declaration of Stephanie Garner ("Garner Decl."), ECF No. 15-4, ¶ 4. On December 30, 2013, the Philadelphia District Office denied Plaintiff's requests. *See id.* ¶ 5. Because more than 30 days elapsed between the request and the agency's denial, Plaintiff need not exhaust administrative remedies before bringing suit in this Court – even if this case presented the "unusual circumstances" that would trigger the longer 30-day window for a response.

The EEOC also argues that it did not improperly withhold any records from Plaintiff because FOIA Exemption 3 barred it from releasing the requested records. Pursuant to FOIA Exemption Three, FOIA does not apply to materials "specifically exempted from disclosure by statute… if that statute … (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding

or refers to particular types of matters to be withheld."[7] 5 U.S.C. § 552. Defendant only argues

that the first prong of this exemption is relevant. *See* EEOC's Mot. to Dismiss at 8. The EEOC

argues that the materials at issue here are exempt pursuant to the enforcement provisions of Title

VII of the Civil Rights Act of 1964. *Id.* Specifically, section 706(b) of Title VII provides that

"[c]harges shall not be made public by the Commission. … Nothing said or done during and as a

part of such informal endeavors may be made public by the Commission, its officers or

employees, or used as evidence in a subsequent proceeding without the written consent of the

persons concerned." 42 U.S.C. § 2000e-5(b). In addition, section 709(e) of Title VII provides

that "[i]t shall be unlawful for any officer or employee of the Commission to make public in any

manner whatever any information obtained by the Commission pursuant to its authority under

this section prior to the institution of any proceeding under this subchapter involving such

information." *Id.* § 2000e-8(e).

This argument fails. First, the Supreme Court has concluded that "Congress did not

include charging parties within the 'public' to whom disclosure of confidential information is

illegal under the provisions of Title VII here at issue." *Equal Employment Opportunity Comm'n*

*v. Associated Dry Goods Corp.*, 449 U.S. 590, 598 (1981) (analyzing 42 U.SC. § 2000e-5(b),

2000e-8(e)). "[T]he 'public' to whom the statute forbids disclosure of charges cannot logically

include the parties to the agency proceeding." *Id*. Accordingly, the EEOC's own regulations

establish the scope of those to whom the EEOC can disclose a charge file. The bar on disclosing

"information obtained during the investigation of a charge of employment discrimination … does

not apply to such earlier disclosures to charging parties, or their attorneys, respondents or their

---

[7] The additional requirement that statutes "enacted after the date of enactment of the OPEN
FOIA Act of 2009" must "specifically cite[]" this provision is inapplicable to the statutes at issue
in this case. 5 U.S.C. § 552(b)(3)(B).

attorneys, or witnesses where disclosure is deemed necessary for securing appropriate relief."

29 C.F.R. § 1601.22. The EEOC Compliance Manual further specifies the agency's procedures

with respect to disclosing such information: "The charging party or other aggrieved person must

have received a Notice of Right to Sue that has not expired. Once a Notice of Right to Sue has

been received by the aggrieved person and the 90-day period has expired without a lawsuit being

filed, deny a disclosure request unless the aggrieved person arguably has a continuing right of

judicial action." EEOC Compliance Manual § 83.3(a),

http://www.eeoc.gov/eeoc/foia/section83.cfm, last visited December 18, 2014.

A review of certain key elements of the chronology of the EEOC's handling of Plaintiff's

FOIA request shows that Plaintiff is currently entitled to his charge file:

- On October 28, 2013, Plaintiff filed his FOIA request. *See* Garner Decl. ¶ 4.

- On December 16, 2013, the EEOC issued the Notice of Right to Sue. *See* Compl. Ex. at 1.

- On December 30, 2013, the EEOC denied Plaintiff's FOIA request. *See* Garner Decl. ¶ 5.

- On March 11, 2014, Plaintiff filed his complaint in this action, as reflected by the docket in this case.

Pursuant to the EEOC's regulations and procedures, Plaintiff's FOIA request was premature on

the date it was filed because it was filed before the Notice of Right to Sue was issued. However,

by the time Plaintiff filed his complaint in this action, according to those EEOC procedures,

Plaintiff was due his charge file: he had filed suit against his employer, as well as against the

EEOC, within the 90-day window allowed by Title VII.[8] However, in denying Plaintiff's FOIA

---

[8] Indeed, by the time that the EEOC *denied* Plaintiff's request, the request was no longer premature. But the Court need not determine whether the EEOC was required to grant his request when it became timely while the request was under the EEOC's consideration because the request was timely by the time that this action was filed.

request, the EEOC stated that the "file cannot be released because no court complaint has been received. If you still need this file submit a new request along with a copy of the court complaint." EEOC's Mot. Dismiss, Ex. 3 at 3. This appears to be directly at odds with the EEOC Compliance Manual, which only requires that a complainant have a right to sue, not they have actually sued. *See* EEOC Compliance Manual § 83.3(a) ("The charging party or other aggrieved person must have received a Notice of Right to Sue that has not expired.") In any event, even though Plaintiff appears not to have submitted the Notice of Right to Sue to the EEOC's FOIA office, *see* Garner Decl. ¶ 7, once the EEOC was named as a defendant in this action, and, therefore, received a copy of Plaintiff's complaint, the EEOC can be charged with knowledge that Plaintiff has filed suit pursuant to Title VII.[9] Therefore, Plaintiff is entitled to receive a copy of the charge file pertaining to his discrimination complaint.[10]

In plain language, Exemption 3, as applied to these circumstances, prevents a member of the public from receiving the records of the EEOC's investigation of *someone else*'s discrimination complaint. However, it allows a complainant to receive the records that pertain to his complaint as long as (1) the EEOC has completed its investigation and issued its determination and (2) *either* the complainant requests the records during the 90-day window in which he may file suit against an employer *or* if the complainant has actually filed suit against the employer. This makes sense. If a complainant is deciding whether to file suit, that person should be able to obtain the records of the EEOC's investigation to inform that decision. *See*

---

[9] The attorneys defending EEOC in this action had actual knowledge of the filing of this action.

[10] The Court acknowledges that it may have behooved Plaintiff to have pursued his FOIA request more diligently before the agency. *See, e.g.*, EEOC's Mot. to Dismiss, Ex. 7 (noting that Plaintiff did not file Notice of Right to Sue with EEOC FOIA office). But regardless of whether failing to pursue the request as diligently as possible was in Plaintiff's interest, it does not affect his right to receive his charge file. *See Citizens for Responsibility & Ethics in Washington*, 711 F. 3d at 185.

*Associated Dry Goods Corp.*, 449 U.S. at 602 ("Pointless litigation burdens both the parties and the federal courts, and it is in the interest of all concerned that the charging party have adequate information in assessing the feasibility of litigation."). Similarly, if a complainant has already filed suit, that person should be able to obtain the EEOC's records of its investigation to aid such a person in marshaling evidence in support of the lawsuit, in considering whether to resolve the matter outside of court, or in considering whether to pursue the lawsuit. Accordingly, the EEOC's arguments in favor of dismissal and in favor of summary judgment on this FOIA claim fail.

Finally, "district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Here, the EEOC has come forward with all of its evidence, and there are no genuine issues of material fact with respect to the FOIA claim, as the EEOC itself argues. *See* EEOC's Mot. to Dismiss at 6-7. Judgment as a matter of law in Plaintiff's favor is appropriate. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 34 F. Supp. 2d 28, 46 (D.D.C. 1998). Accordingly, the Court decides today that Plaintiff is entitled to receive his charge file from the EEOC and enters judgment *sua sponte* for him on his FOIA claim.

## V. CONCLUSION

For the foregoing reasons, Defendant TCU's [23] Motion to Dismiss is GRANTED. The Court concludes Plaintiff's complaint fails to state a claim with respect to Defendant TCU (the Union). Defendant EEOC's [15] Motion to Dismiss, or Alternatively, Motion for Summary Judgment, is GRANTED-IN-PART and DENIED-IN-PART. Because the Court concludes that it does not have subject matter jurisdiction over Plaintiff's claim that the EEOC mishandled his

discrimination complaint, the EEOC's motion to dismiss is GRANTED with respect to that claim. With respect to Plaintiff's FOIA claim, the EEOC's Motion to Dismiss is DENIED and the EEOC's Motion for Summary Judgment is DENIED. Furthermore, because there are no genuine issues of material fact with respect to the FOIA claim, the Court enters JUDGMENT for Plaintiff on that claim. An appropriate Order accompanies this Memorandum Opinion. The EEOC shall disclose the charge materials to Plaintiff as specified in the accompanying order.

Dated: December 23, 2014

                                         /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge