UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| D'RAYFIELD KARY-KHAME SHIPMAN, <br>      Plaintiff <br> v. <br> NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), *et al.*, <br>      Defendants | Civil Action No. 14-384 (CKK) |

**MEMORANDUM OPINION and ORDER**
(July 20, 2015)

Presently before the Court is Plaintiff's [59] "Response Motion," in which Plaintiff requests that the Court recuse itself because of "a serious conflict of interest." Pl.'s Mot. at 1. Plaintiff argues that the Court should disqualify itself and reassign this matter to a new judge for further proceedings. Specifically, Plaintiff argues that a conflict of interest exists because the Court dismissed another action filed by Plaintiff, *Shipman v. Disabled American Veterans* (15-cv-871),[1] because of "bias in this matter," and because the "Court on several occasions have ignored my interests as Plaintiff in favor of Defendant's attorneys." Pl.'s Mot. at 2. Plaintiff also argues that this "civil system of justice" is unfair with respect to African-Americans. Although not styled as such, Plaintiff's Response Motion is effectively a Motion for Recusal. For the reasons stated below, the Court concludes that recusal is neither required nor warranted, and the Court's DENIES Plaintiff's Motion.

The disqualification of a federal judicial officer is governed by 28 U.S.C. § 455, which provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

---

[1] The Court dismissed that case for failure to comply with Federal Rule of Civil Procedure 8(a). *Shipman v. Disabled Am. Veterans*, No. 1:15-CV-00871, 2015 WL 3635657, at *1 (D.D.C. June 9, 2015).

28 U.S.C. § 455(a), (b)(1).[2]

In assessing section 455(a) motions for recusal, the D.C. Circuit applies an "objective" standard: "Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.' " *S.E.C. v. Loving Spirit Found., Inc.,* 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.,* 253 F.3d 34, 114 (D.C. Cir. 2001), *cert. denied,* 534 U.S. 952 (2001)). Further, a party moving for recusal pursuant to Section 455(a) "must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, ... a deep-seated favoritism or antagonism that would make fair judgment impossible." *Middlebrooks v. St. Coletta of Greater Washington, Inc.,* 710 F. Supp. 2d 77, 78 (D.D.C.2010), *aff'd,* 2011 WL 1770464 (D.C. Cir. Apr. 4, 2011), *cert. denied,* 132 S. Ct. 243 (2011) (citations and internal quotation marks omitted). A party moving for recusal pursuant to Section 455(b) must likewise demonstrate "actual bias or prejudice based upon an extrajudicial source." *Id.* at 79 (citations omitted).

Plaintiff's request for disqualification is based on the undersigned District Court Judge's rulings in this action and in another case brought by Plaintiff, *Shipman v. Disabled American Veterans*. However, "judicial rulings are almost never grounds for a claim of bias or impartiality." *Ramos v. U.S. Dep't of Justice*, 682 F. Supp. 2d 20, 24 (D.D.C. 2010). Plaintiff does not explain how the Court's ruling against him in *Disabled American Veterans* would prevent the fair adjudication of this case. Moreover, while Plaintiff claims that the Court has "ignored [his] interests as Plaintiff in favor of Defendant's attorneys," Plaintiff does not explain how the Court has done so in a fashion that would make fair adjudication impossible. Although Plaintiff claims that the judicial system as a whole is biased against African-American litigants, he points to no evidence of judicial bias by the undersigned Judge. Nor has Plaintiff identified any extrajudicial acts by this Court that demonstrate pervasive bias or prejudice against Plaintiffs. *See Middlebrooks,* 710 F. Supp. 2d at 78. Accordingly, the Court concludes that Plaintiff has not demonstrated a basis for disqualification, and the Court DENIES Plaintiff's request for disqualification.

---

[2] In addition to the standard for recusal pursuant to section 455, recusal of a judge pursuant to 28 U.S.C. § 144 is appropriate "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. However, Plaintiff's request plainly does not satisfy the requirements of section 144: he has not submitted any affidavit in support of his request for disqualification—let alone one that meets the standards of section 144. The Court notes, as well, that it is far from a clear that a *pro se* party such as Plaintiff could avail himself of section 144 even had he submitted a facially sufficient affidavit in support of his motion. *See Klayman v. Judicial Watch, Inc.*, 744 F. Supp. 2d 264, 273 (D.D.C. 2010) (noting divide among courts about whether section 144 is applicable to *pro se* parties).

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's [59] request for the Court to recuse itself is **DENIED**.

It is further **ORDERED** that he Clerk of the Court shall mail a copy of this Memorandum Opinion and Order to Plaintiff at his address of record.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge